IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME FUENTES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO.  22-2780 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                          March 22, 2023

Jaime Fuentes ("Plaintiff") seeks review of the Commissioner's ("Defendant") decision denying his consolidated claims for supplemental security income ("SSI").  For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

**I.    PROCEDURAL HISTORY**

Plaintiff was born on October 22, 1991, and protectively filed his first application for SSI on September 11, 2014, alleging disability beginning on that date due to epilepsy, seizures, major depression, bad nerves, and sleep apnea.  Tr. at 36, 71, 180, 184.[1]  After his claims were denied initially, id. at 71-83, Plaintiff requested a hearing before an ALJ, id. at 96, which took place on October 10, 2017.  Id. at 31-70.[2]  On November 17, 2017,

---

[1]The record contains two applications for SSI filed within several months of each other.  The first is dated November 14, 2014, tr. at 155-63, and the second is dated April 10, 2015, id. at 164-69, both with an alleged onset date of September 11, 2014.  Id. at 155, 164.  For reasons that are not entirely clear, the ALJ and Plaintiff mention only an application protectively filed on September 11, 2014.  Id. at 14; Doc. 11 at 1.

[2]The transcript of the October 10, 2017 hearing is duplicated later in the record.  See tr. at 897-936.  Duplicated documents will be cited to their first appearance in the record.

the ALJ found that Plaintiff was not disabled. Id. at 14-26. On June 18, 2018, the Appeals Council denied Plaintiff's request for review. Id. at 1-3. Plaintiff then appealed to this Court, at Civil Action No. 18-3513, which was assigned to the Honorable Petrese B. Tucker.

On July 20, 2018, during the pendency of his first action with this Court, Plaintiff protectively filed a second application, alleging disability due to epilepsy, schizophrenia, bipolar disorder, and anxiety, with a new onset date of October 22, 2007. Id. at 896, 1068, 1122. The second application was denied initially, id. at 896, and following a hearing held on May 21, 2019, id. at 745-71, the ALJ denied Plaintiff's second application by decision dated August 30, 2019. Id. at 801-14. Plaintiff appealed that unfavorable decision to the Appeals Council.

While Plaintiff's appeal to the Appeals Council remained pending, Judge Tucker remanded his initial unsuccessful application. Tr. at 818.[3] On November 2, 2020, the Appeals Council issued a Remand Order with instructions to consolidate Plaintiff's two separate applications for reconsideration before a new ALJ. Id. at 854-55. The Appeals Council further instructed the ALJ to apply the prior rules to the consolidated case, offer Plaintiff the opportunity for a new hearing, address the evidence submitted to the Appeals Council, and take any further action deemed necessary before issuing a new decision. Id.

An administrative hearing on Plaintiff's consolidated remand occurred on March 12, 2021. Tr. at 718-42. On May 3, 2021, the ALJ issued a decision finding that Plaintiff

---

[3]In doing so, Judge Tucker approved and adopted the Report and Recommendation of my late colleague, the Honorable Marilyn Heffley. Tr. at 819-47.

was not disabled. Id. at 694-711.[4] On May 20, 2022, the Appeals Council denied Plaintiff's request for review, id. at 683-87, making the ALJ's May 3, 2021 decision the final decision of the Commissioner for purposes of the present action. 20 C.F.R. § 416.1472.

Plaintiff initiated this action by filing his complaint on July 18, 2022. Doc. 1. In response to Plaintiff's brief in support of his request for review, see Doc. 11, Defendant filed an uncontested motion for remand, noting that "further evaluation of Plaintiff's claim is warranted." Doc. 12 ¶ 2.[5]

## II.  DISCUSSION

In the May 3, 2021 decision on consolidated remand, the ALJ found that Plaintiff suffered from the following severe impairments; seizure disorder, migraines, bipolar disorder with psychosis, unspecified schizophrenia, anxiety, panic disorder, and major depressive disorder. Tr. at 697. The ALJ further found that Plaintiff's diagnosed chronic kidney disease, left shoulder injury, right hand injury, and mild neurocognitive disorder were non-severe impairments, and that his alleged Parkinsonism and sleep apnea were not medically determinable. Id. at 697-98. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Id. at 698. Notably, in reviewing the "paragraph B"

---

[4]The index to the administrative record provides an incorrect date of April 28, 2021. Doc. 10-8 at 1.

[5]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 6.

criteria of the relevant mental health Listings, the ALJ found that Plaintiff had moderate limitations in the four functional areas (understanding, remembering and applying information; concentrating, persisting, or maintaining pace; interacting with others; and adapting or managing oneself).  Id. at 700.  In his assessment of Plaintiff's residual functional capacity ("RFC"), the ALJ found Plaintiff capable of performing a full range of work at all exertional levels, with the following non-exertional limitations; no exposure to production rate or assembly-line work, unprotected heights, and unguarded moving machinery, and no work which involves climbing ladders, scaffolds, or driving.  Id. at 701.  Additionally, the ALJ noted that Plaintiff is restricted to simple, routine tasks to be performed in a stable environment with few workplace changes, can have no more than occasional interaction with the general public, and can work in proximity to others but not in tandem with them or as part of team.  Id.  Based on the testimony of the vocational expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically garment sorter and bagger.  Id. at 710.

In his brief, Plaintiff contends that the ALJ (1) erred in his assessment of the available medical evidence by failing to defer to the medical opinion of a treating physician and (2) mischaracterized the evidence through a failure to develop the record regarding Plaintiff's tremors and Parkinsonism.  Doc. 11 at 3-21.[6]

---

[6]Plaintiff also challenges the propriety of the appointment of the Commissioner and argues that Seila Law LLC v. Consumer Financial Protection Bureau, 140 S. Ct. 2183 (2020), supports remand.  Doc. 11 at 19-20.  Because I will grant the

In view of the Defendant's uncontested motion for remand, I will comment only briefly on the ALJ's decision and the record.  First, Plaintiff complains that the ALJ failed to defer to the medical opinion of a treating physician and erred in his assessment of the other medical evidence.[7]  Doc. 11 at 3-15.  "An ALJ should give 'treating physicians' reports great weight, 'especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'"  Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (quoting Morales v. Apfel, 186 F.3d 422, 429 (3d Cir. 2000); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)).

In a case in which a treating physician's opinion does not attain controlling weight because it is inconsistent with other substantial evidence, it may still be accorded significant weight on account of other factors.  20 C.F.R. § 416.927.  An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence.  Plummer, 186 F.3d at 429 (citing Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1983)).  "[A]n ALJ is not free to set his own expertise against that of a physician

---

Commissioner's uncontested remand motion, I do not find it necessary to address this argument.

[7]Plaintiff's initial application was filed prior to March 27, 2017, and therefore the more recent federal regulations which prohibit ALJs from "defer[ing] or giv[ing] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)" do not apply.  20 C.F.R. § 404.1520c(a).  The Appeals Council recognized this when it remanded with direction to apply the "prior rules."  Tr. at 854.

5

who presents competent evidence." Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985).

As previously noted, the ALJ found that Plaintiff retained the RFC to perform a full range of work at all exertional levels, with some non-exertional limitations, tr. at 701, and in considering the "paragraph B" criteria of the relevant mental health listings, the ALJ found that Plaintiff had only moderate limitations in all areas of functioning. Id. at 700. In reaching the RFC determination, the ALJ assigned "great weight" to the opinions of Chankun Chung, M.D., and Melissa Diorio, Psy.D., the only two medical sources of record whose opinions supported such a determination. Id. at 706-07. The ALJ gave "little weight" to any medical opinion with greater limitations, including those of state agency consults Sharon Wander, M.D., and Helen Parshall, Ph.D.; consultative examiners Lan Yang, Psy.D., and Brook Crichlow, Psy.D.; treating physician Hector Colon-Rivera, M.D.; and primary care provider, Donna Rodgers, CRNP, id. at 705-09, despite Dr. Colon-Rivera's and Ms. Rogers' greater familiarity with Plaintiff's extensive treatment history. Similarly, the ALJ gave "little weight" to the witness account of Plaintiff's aunt, "limited weight" to the witness account of Plaintiff's home health aide, and considered the statements made in the third party function report completed by Plaintiff's mother "only to the extent that they are consistent with the preponderance of the opinions and observations," noting that his mother "is not medically trained to make exacting observations" of Plaintiff's symptoms. Id. at 709. Given that the ALJ gave great weight to the opinions of only two of the eight medical providers of record, the

ALJ's characterization of the "preponderance of opinions" does not appear to be supported by the record.

It is also concerning that the ALJ gave virtually indistinguishable explanations for the limited weight given to each one of the aforementioned opinions, complete with identical sentences, record citations, and spelling errors.  Tr. at 705-09.  Likewise, the ALJ's reliance on the opinion of Dr. Diorio is problematic because the doctor rendered her opinion more than five years prior to Plaintiff's latest hearing and based it on a non-examining review of only a fraction of the presently-existing medical evidence.  Id. at 72-76.  Upon remand, the ALJ should reevaluate the nature, severity, and effects of Plaintiff's psychological disorders, and obtain an updated medical opinion, if necessary, taking into account the full evidentiary record.

In a related argument, Plaintiff alleges that the ALJ mischaracterized the evidence and failed to develop the record regarding Mr. Fuentes' tremors, thereby affecting Plaintiff's subsequent RFC determination.  Doc. 11 at 15-19.  Since reevaluation of the nature, severity, and effects of Plaintiff's disorders will inherently impact the characterization of the medical evidence and subsequent RFC determination, I do not find it necessary to further address this issue.

### III.    CONCLUSION

Defendant has stated that on remand, an ALJ will offer Plaintiff a new hearing and further evaluate the evidence.  Doc. 12 ¶ 3.  Because further evaluation of the evidence and a new hearing should address the issues he has presented in his Request for Review, I will grant Defendant's uncontested motion for remand.